857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ricky MURPHY, Plaintiff-Appellant,
v.
William AVERA and Frank Gannon, Defendants-Appellees.
 No. 87-6015.
 United States Court of Appeals, Sixth Circuit.
 Sept. 9, 1988.
 
 Before ENGEL, Chief Judge, MILBURN, Circuit Judge, and DAVID D. DOWD,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Ricky Murphy appeals from a judgment entered upon a jury verdict of no cause his 42 U.S.C. Sec. 1983 action against the defendant William Avera. Plaintiff argues that the trial court committed four errors in rulings on evidentiary matters and a fifth error in failing to grant his motion for a judgment notwithstanding the verdict, or in the alternative, a new trial. We affirm the trial court's judgment.
 
 
 2
 This suit originates from a confrontation occurring at the Cannon County Fair in Tennessee on August 16, 1984. On that evening at approximately 10:00 p.m. Officer Avera and Officer Gannon of the City of Woodbury Police Department while patroling on foot on or near the fairgrounds encountered a group of people who had been drinking heavily. The group included, among others, Ricky Murphy and his brother Troy Murphy. The officers requested that the Murphys' mother take Ricky and Troy home but their request was unsuccessful. Accounts of the incident varied, but agreed that Officer Avera and Ricky Murphy had an altercation in which Ricky Murphy was wounded by a shot fired by Avera. At approximately the same time, Officer Gannon and Troy Murphy were also engaged in an altercation. At the time of the incident Officer Avera was 45 years old and weighed 145 pounds. Officer Gannon was a 65-year old part-time police officer who weighed approximately 175 pounds. Appellant Ricky Murphy was 24 years old and weighed approximately 180 pounds. His brother Troy Murphy was 25 years old and was larger than either of the officers.
 
 
 3
 On September 13, 1984 Ricky Murphy and Troy brought suit against Avera and Gannon respectively under 42 U.S.C. Sec. 1983 alleging that the officers had used excessive force during the encounter. The complaint also contained a charge against the officers by Wanda Mathis whose husband, Charles B. Mathis, had been shot and killed in an altercation which occurred subsequent to those the Murphys had with police, a separate claim by Troy Murphy of deliberate indifference to serious medical needs, a separate claim by Ricky Murphy against Gannon for the use of excessive force, and a claim by Ruthine Murphy for loss of consortium. Only the section 1983 actions of Ricky Murphy against Avera and Troy Murphy against Gannon survived to be submitted to the jury for their deliberation. The jury returned a verdict of no cause. Troy Murphy has not appealed.
 
 
 4
 Appellant Ricky Murphy asserts that the trial court committed the following errors: (1) that the trial court erred in excluding under Rule 403 of the Federal Rule of Evidence evidence relating to the subsequent altercation between Avera and Charlie Mathis in which Mathis was shot and killed; (2) that the court erred in allowing proof that Avera and Gannon had no prior complaints on their record of excessive violence; (3) that the court erred in allowing proof that Avera was neither suspended nor reprimanded following the shooting of Murphy; (4) that the court erred in allowing proof of the conviction of Ricky Murphy for assault and battery upon officers Avera and Gannon; and (5) that the court erred in denying appellant's motion for a judgment notwithstanding the verdict, or in the alternative, a new trial.
 
 
 5
 Significantly Murphy does not complain that the court's instructions to the jury were in error. Presumably, therefore, those instructions were correct and a jury question was presented whether excessive force was employed by the officers in subduing Murphy. This is not the type of situation in which Tennessee v. Garner, 471 U.S. 1, would come into play for it is clear defendant Avera under these circumstances could have perceived himself in immediate danger of serious physical injury. While the use of a firearm in such circumstances cannot be condoned, it was well within the province of the jury to determine under all of the circumstances whether the force used was excessive given the aggressive nature of the assailants.
 
 
 6
 We find no other claims of error to be sufficient to affect the rights of the plaintiff to a fair trial, and hence to have required a reversal, especially in the light of the very substantial evidence which supported the verdict.
 
 
 7
 The court is of the opinion however that it was error for the trial judge to have admitted into evidence proof that following the police investigation Avera had neither been suspended nor reprimanded. Appellant objects to this evidence on the basis that it was hearsay and therefore inadmissible under Rule 801(c) of the Federal Rules of Evidence and that it was inadmissible under the confrontation clause of the Sixth Amendment of the United States Constitution. The latter is easily disposed of by noting that this is not a criminal trial. No objection seems to have been made here nor contemporaneously at the trial that the evidence was not otherwise admissible. While we would conclude that this evidence is not relevant, we note that no such objection was made when it was introduced, and we are unable to find that any error rises to the level of plain error which the trial judge was bound to take into account on pain of reversal. When finally there was an objection made, it came too late and plaintiff made no adequate explanation of the basis for that objection. Under such circumstances we are unwilling to reverse. No substantial rights of the defendants were affected, and it is apparent that the verdict would not have been different had the evidence been excluded. Fed.R.Evid. 103. Finally, we conclude that the trial judge did not abuse his discretion in refusing to receive into evidence proof going to the death of Charles B. Mathis, and the circumstances thereof, all of which occurred after the injuries to Murphy. Certainly in view of the time sequence, it was not in error for the trial judge to have concluded that the very limited probative value thereof would be outweighed by the potential prejudicial effect of such evidence upon the jury. We find no other error.
 
 
 8
 Therefore, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David D. Dowd, United States District Judge for the Northern District of Ohio, sitting by designation